15-3962
Zhang v. Sessions

BIA
A077 511 020

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

QIAO CHAN ZHANG,
> *Petitioner,*

v.                                          15-3962
                                            NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Scott Bratton, Margaret Wong &
                       Associates LLC, Cleveland, OH.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Linda S.
                       Wernery, Assistant Director;
                       Gregory M. Kelch, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiao Chan Zhang, a native and citizen of the People's Republic of China, seeks review of a December 3, 2015, decision of the BIA denying Zhang's motion to reopen. *In re Qiao Chan Zhang,* No. A077 511 020 (B.I.A. Dec. 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.[']" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An alien may move to reopen proceedings once, no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations may be excused if the motion to reopen is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not

2

available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii). When the BIA considers evidence of country conditions in evaluating a motion to reopen, we review its factual findings under the substantial evidence standard. *Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Zhang argues that the BIA abused its discretion in finding no material change in China's treatment of Falun Gong practitioners since her 2001 merits hearing. As Zhang recognizes, the question is not whether conditions are poor, but rather whether they have changed since her original merits hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (explaining that the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). None of the trends Zhang identifies would compel the BIA to find the material change necessary to excuse the untimeliness of her motion.

Zhang notes that the State Department's 2013 International Religious Freedom ("IRF") report states that the Chinese government sent Falun Gong practitioners to 24 psychiatric

hospitals for the criminally insane, an increase from prior years. But the 2001 IRF report painted a similarly dire picture of hundreds of Falun Gong practitioners being sent to mental hospitals. Zhang reads the 2013 IRF report to state that the Chinese government sends Falun Gong practitioners to labor camps without giving them the opportunity to recant their beliefs. But the 2013 report simply states that members of banned religious groups, including Falun Gong, have been told to recant their beliefs, a matter also discussed in the 2001 report. In any event, the 2001 IRF report likewise memorialized prison sentences for Falun Gong practitioners. Zhang asserts that the Chinese government has ratcheted up pressure on family members of Falun Gong practitioners, but the 2001 IRF report likewise notes the Chinese government's practice of leveraging family members and employers. Finally, Zhang points to a resolution of the United States House of Representatives about organ harvesting from Falun Gong detainees. But that resolution was based on reports dating back to Zhang's hearing. This record did not compel the BIA to find a material change in country conditions excusing the

4

time and number bar on Zhang's motion to reopen.  8 U.S.C. § 1252(b)(4)(B).

Zhang argues that the BIA ignored her evidence.  To the contrary, the BIA reviewed Zhang's documentary evidence in detail, citing passages from several of the reports that reflect ongoing (not increasing) concerns about China's enforcement of its Falun Gong ban.  Nothing more elaborate was required.  So long as "the BIA 'has given reasoned consideration to the petition, and made adequate findings,'" it need not "'expressly parse or refute on the record' each individual argument or piece of evidence offered by the petitioner."  *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n.13 (2d Cir. 2006)).

Zhang challenges the BIA's decision to give little weight to the village committee notice and letter from her mother she submitted with her motion.  She raises the same complaint about a letter from her grandmother, but concedes that this document was not submitted with her second motion to reopen.  The BIA reasoned that the committee notice was "unauthenticated, handwritten, and unsigned by any official or individual," and that the mother's letter "appears to be created for the purpose

5

of litigation, is from an interested witness, and is not supported by evidence" that government cadres rushed into Zhang's grandmother's home in China.

"We generally defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The BIA had the discretion to discount the village committee notice and mother's letter for the reasons cited. *See, e.g.*, *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives and acquaintances because they were interested witnesses not subject to cross-examination and the letters were obtained for purposes of litigation), *rev'd on other grounds, Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005) (holding "that the IJ erred by rejecting the notarial birth certificate based on Cao's failure to authenticate it pursuant to 'regulation'"). Contrary to Zhang's argument, as the trier of fact, the BIA could discount the documents without an underlying adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(ii); *Shao*, 546 F.3d at 169.

The BIA did not consider the grandmother's letter. Zhang referenced that letter in the table of contents accompanying her motion to reopen, but did not append it to the motion or cite it within the motion. The grandmother's letter bore the same attributes as the mother's letter, and so remand for the BIA to consider it would be futile. *Cao He Lin*, 428 F.3d at 402.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7